UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwayne Deleston, #96350-071,<br>*a/k/a Dwayne Curtis Deleston*,<br><br>Plaintiff,<br><br>vs.<br><br>State of South Carolina,<br><br>Defendant. | C/A No. 6:11-1212-DCN-KFM<br><br>**REPORT AND RECOMMENDATION** |

Background

A federal prisoner at FCI-Sandstone in Minnesota, Dwayne Deleston ("Plaintiff"), brings this civil action *pro se* seeking a declaratory judgment. Plaintiff alleges that on September 28, 1996, he was arrested by a City of Charleston police officer for domestic violence, and he was found not guilty on September 30, 1996, in the city municipal court. Plaintiff alleges that upon his September 28, 1996, arrest for domestic violence a routine search of his person was performed, and that search resulted in his being charged with possession of crack. Plaintiff alleges that he pled guilty on July 16, 1997, in the Charleston County Court of General Sessions to possession of crack, and he received a one-year probation sentence "which was successfully completed." Plaintiff alleges that a person in the solicitor's office "used a lesser sentencing recommendation to procure a plea from" Plaintiff. Plaintiff alleges that on January 19, 2001, he received a sentence in this Court for a federal conviction, and his federal sentence was enhanced based upon the July 16, 1997, state conviction of possession of crack. Plaintiff seems to allege that the "State of South Carolina Solicitor's Office" breached the plea agreement with Plaintiff by giving all "the contract records to the United States Attorney's Office to recommend that the Federal Court sentence plaintiff to a harsher penalty or sat back to allow the third party to do so."

Plaintiff alleges that his plea agreement prevented him from challenging the unreasonable search, and he alleges that after the domestic violence charge was dismissed then "[t]he possession of crack charge should have been instantly dismissed..." Plaintiff argues that the fruit of the poisonous tree doctrine was violated by his conviction of possession of crack. Plaintiff requests that this Court declare "(A) the search and [s]eizure was invalid and (B) the solicitor's office breached the plea agreement." Plaintiff requests that this Court declare that, because his plea agreement was breached, then the July 16, 1997, conviction of possession of crack is void "nunc pro tunc" and also declare that the charge of possession of crack should have been dismissed immediately after the domestic violence charge was dismissed.

This Court takes judicial notice that Plaintiff previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court seeking to vacate his July 16, 1997, conviction of possession of crack cocaine.[1] *See Deleston v. State*, C/A No. 6:06-331-DCN-WMC, Report of Magistrate Judge, Dec. 20, 2006, ECF No. 18, *aff'd*, Order, Jan. 11, 2007, ECF No. 22. Among other grounds for relief, Plaintiff argued that his conviction was obtained after an unconstitutional search and that his conviction should have been dismissed after the domestic violence charge was dismissed. *Deleston v. State*, C/A No. 6:06-331-DCN-WMC, Report of Magistrate Judge, Dec. 20, 2006, ECF No. 18. This Court granted summary judgment to Respondent because Plaintiff's habeas petition was untimely under the AEDPA statute of limitations. *Id.* at Order, Jan. 11, 2007, ECF No. 22, *appeal dismissed,* Op., July 27, 2007, ECF No. 28.

---

[1] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

This Court also takes judicial notice that Plaintiff has filed several petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking relief from his October 30, 2000, conviction in this Court of possessing with intent to distribute fifty grams or more of crack cocaine, for which he received a 240-month sentence of imprisonment plus ten years of supervised release. *See United States v. Deleston*, Cr. No. 2:99-751-DCN, Order, Dec. 9, 2009, ECF No. 479. Plaintiff thus far has not been successful in attacking his federal conviction and sentence. *Id.* Additionally, Plaintiff has filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking to vacate his federal October 30, 2000, conviction and sentence. *See Deleston v. Warden*, C/A No. 6:10-2036-DCN-KFM, Report and Recommendation, Sept. 8, 2010, ECF No. 17, *aff'd*, Order, Sept. 24, 2010, ECF No. 24, *aff'd*, Op., April 5, 2011, ECF No. 36. This Court dismissed the § 2241 petition because the § 2255 savings clause was not satisfied, and Plaintiff was barred from proceeding under § 2241. *Id.*, Report and Recommendation, Sept. 8, 2010, ECF No. 17. Notably, in that § 2241 action, Plaintiff argued that his federal sentence was improperly enhanced using a state misdemeanor conviction. *Id.*

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or

officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

This action should be summarily dismissed because the underlying gist of Plaintiff's Complaint is a challenge to Plaintiff's federal sentence that he is now serving. Plaintiff believes that his 240-month sentence was unlawfully enhanced by his July 16, 1997, state conviction of possession of crack. Plaintiff has unsuccessfully filed several § 2255 proceedings in this Court, and this Court has explained to Plaintiff that before he can file a successive habeas petition the statute requires that he obtain permission from a three-judge panel of the Court of Appeals. *See United States v. Deleston*, Cr. No. 2:99-751-DCN, Order, Dec. 9, 2009, ECF No. 479. Moreover, Plaintiff has unsuccessfully filed a § 2254 habeas petition in this Court seeking to vacate his July 16, 1997, conviction, with the goal of eventually reducing his federal sentence. *Deleston v. State of South Carolina*, C/A No. 6:06-331-DCN-WMC, Report of Magistrate Judge, Dec. 20, 2006, ECF No. 18. Plaintiff cannot bring a declaratory judgment action to circumvent the habeas statutory requirements.

*See Calderon v. Ashmus*, 523 U.S. 740, 746 (1998) (noting that "we have held that any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code") (citing *Preiser v. Rodriquez*, 411 U.S. 475 (1973)).  Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 permit a party to seek a declaration of rights in a case of actual controversy within its jurisdiction. *Id.*  However, a declaratory judgment should not be granted where a special statutory proceeding is provided. *Calderon*, 523 U.S. at 746 (holding where a prisoner's real controversy is whether he is entitled to habeas relief setting aside his sentence or conviction, that prisoner cannot bring a declaratory judgment action for the purpose of determining "a collateral legal issue governing certain aspects of [his] pending or future [habeas] suits").  For prisoners to obtain equitable relief, special statutes have been provided by Congress, namely the habeas statutes.  As noted above, in this case Plaintiff did utilize the habeas statutes, though unsuccessfully.  This Court cannot know Plaintiff's future plans, but it appears that Plaintiff may be bringing this action to "declare" that his July 16, 1997, state conviction is void so that he can later seek to file a successive habeas action based upon his recently invalidated state conviction.  A declaratory judgment action is not appropriate in this case. *Cf. Grandison v. United States*, No. 97-6758, 153 F.3d 720 (4th Cir. Aug. 7, 1998) (finding that a declaratory judgment action is not appropriate where a prisoner's entitlement to habeas corpus relief is the underlying case or controversy).

Moreover, Plaintiff's attempt to set aside his July 16, 1997, state conviction of possession of crack in this civil action is frivolous because he directly and unsuccessfully sought to do so in prior habeas proceedings.  Plaintiff essentially raised some of the same grounds for relief in this action hoping for a different result even though he already litigated those grounds for relief in prior cases.  In fact, it appears that Plaintiff may be attempting to

5

circumvent this Court's prior ruling in a § 2254 case, *Deleston v. State*, C/A No. 6:06-331-DCN-WMC. In order for this Court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F. 3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F. 3d 542 (4th Cir. 2003). This action is frivolous because it lacks an arguable basis in law, and a "strike" pursuant to 28 U.S.C. § 1915(g) is recommended. *See McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009) (noting that a dismissal for frivolousness without prejudice may be designated a strike). Because no amendment to the Complaint could cure any defect in the pleading, this action should be dismissed with prejudice. *Cf. Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009).

## Recommendation

It is recommended that the District Court dismiss this action *with prejudice* based upon frivolousness. It is further recommended that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g). Plaintiff's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

June 7, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).